Amrane Cohen, Chapter 13 Trustee
Brian D. Wirsching (SBN 189491)
770 The City Drive South, Suite 3700
Orange, CA 92868
Phone (714) 621-0200
Office email: efile@ch13ac.com
Direct email: Brian@ch13ac.com

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>ALFRED MCZEAL<br><br><br><br><br><br><br>Debtor(s) | **Case No.: 8:25-bk-11919-MH**<br><br>Chapter 13<br><br>**CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN; REQUEST FOR DISMISSAL WITH 180-DAY BAR TO REFILING**<br><br><u>§ 341(a) Meeting</u>:<br>Date:      August 12, 2025<br>Time:      10:00 am<br>Place:      Video Conference<br><br><u>Confirmation Hearing</u>:<br>Date:      September 11, 2025<br>Time:      11:00 am<br>Courtroom:   6C<br>Address:   411 West Fourth Street,<br>          Santa Ana, CA 92701 |

**PLEASE TAKE NOTICE** that Amrane Cohen, Chapter 13 Trustee ("Trustee"), hereby objects to confirmation of Debtor's Chapter 13 Plan filed July 28, 2025 [Docket No. 14] (the "Plan"), the confirmation hearing for which is set on the date, time, and location indicated above.

**NOTICE IS GIVEN** that unless an earlier date is provided by the Local Bankruptcy Rules ("LBR"), any documents requested herein or required to be provided to the Trustee must be provided not later than seven (7) calendar days prior to the confirmation hearing.[1]

**NOTICE IS GIVEN** that any reply to this objection must be in writing, filed with the Court, and served upon the Trustee not later than seven (7) calendar days prior to the confirmation hearing. Unless the Court finds good cause, a reply document not timely filed and served may not be considered.

The claims bar date for non-governmental entities of September 22, 2025, will not pass before the confirmation hearing. To ensure Plan feasibility and that all allowed claims are provided for in the Plan, the Trustee requests that the Plan not be confirmed prior to the claims bar date.

Pursuant to 11 U.S.C. § 1302(b)(2)(B), the Trustee "shall … appear and be heard at any hearing that concerns … confirmation of a plan." In furtherance of this duty, the Trustee objects to confirmation on the following grounds:

1. Debtor failed to appear at the § 341(a) meeting. LBR 3015-1(c)(2).

2. Plan payments are delinquent $356.12 for August 14, 2025. LBR 3015-1(k)(1)(A), 11 U.S.C. § 1326(a).

3. Notice and proof of service of the Plan has not been filed. FRBP 2002(a)(9) and LBR 3015-1(b)(3).

---

[1] The Local Bankruptcy Rules may be found at http://www.cacb.uscourts.gov/local-rules.

4.  Debtor must establish that venue is proper in the Central District of California, Santa Ana Division. 28 U.S.C. § 1408. Debtor has submitted contradictory documents regarding their residence. Per the Voluntary Petition, Debtor's residence is in Tustin, California. However, per the Adversary Complaint filed as Docket No. 9, Debtor is a citizen of Texas. Also, per the Statement of Financial Affairs, Debtor has resided in California since October 1, 2021, but they filed a prior case (22-50174) in the Western District of Louisiana on March 21, 2022 which was dismissed June 13, 2022.

5.  Debtor has not filed a Declaration Re Filing of Tax Returns and Payment of Domestic Support Obligations. LBR 3015-1(b)(4). 11 U.S.C. §§ 1308, 1325(a)(9).

6.  The following income tax returns have not been provided to the Trustee: 2023 and 2024 state and federal. LBR 3015-1(c)(3).

7.  Per the schedules, Debtor operates a business called "Cancel A Mortgage" which earns income of $2,500 per month. The Trustee has not received the required business report, questionnaire, and documentation of relevant licenses and insurance. LBR 3015-1(c)(4). In addition, documentation of income has not been provided to the Trustee: a) Social Security of $1,100 per month. LBR 3015-1(c)(3).

8.  Debtor exempts real property described as 13152 Laburnum Dr. in the amount of $850,000 without citing a supporting statute. The Trustee objects to this claim of exemption.

9.  The case and the Plan do not appear to have been filed in good faith. 11 U.S.C. §§ 1307(c), 1325(a)(3). The Plan provides for payments of $356.12 per month for 24 months, paying only a property tax claim to the City of Lafayette $75 and Class 5 creditors totaling

$7,000 at 100%. The only scheduled unsecured creditor is Houston Real Estate Business Trust, which Schedule A/B reveals to be an asset of Debtor.

The standard for evaluating whether a case is filed in bad faith is set forth succinctly in In re Leavitt, 171 F.3d 1219 (9th Cir. 1999):

> "Bad faith, as cause for the dismissal of a Chapter 13 petition with prejudice, involves the application of the "totality of the circumstances" test. *Eisen,* 14 F.3d at 470. The bankruptcy court should consider the following factors:
>
> (1) whether the debtor "misrepresented facts in his [petition or] plan, unfairly manipulated the Bankruptcy Code, or otherwise [filed] his Chapter 13 [petition or] plan in an inequitable manner," *id.* (citing *In re Goeb,* 675 F.2d 1386, 1391 (9th Cir.1982));
>
> (2) "the debtor's history of filings and dismissals," *id.* (citing *In re Nash,* 765 F.2d 1410, 1415 (9th Cir.1985));
>
> (3) whether "the debtor only intended to defeat state court litigation," *id.* (citing *In re Chinichian,* 784 F.2d 1440, 1445-46 (9th Cir.1986)); and
>
> (4) whether egregious behavior is present, *Tomlin,* 105 F.3d at 937; *In re Bradley,* 38 B.R. 425, 432 (Bankr. C.D.Cal.1984).
> A finding of bad faith does not require fraudulent intent by the debtor.
>
> [N]either malice nor actual fraud is required to find a lack of good faith. The bankruptcy judge is not required to have evidence of debtor illwill directed at creditors, or that debtor was affirmatively attempting to violate the law-malfeasance is not a prerequisite to bad faith.
>
> *In re Powers,* 135 B.R. 980, 994 (Bankr. C.D.Cal.1991) (relying on *In re Waldron,* 785 F.2d 936, 941 (11th Cir. 1986)).

Leavitt, at 1224 – 1225.

Under the totality of the circumstances, this case has clearly not been filed in good faith.

4

Regarding factor one, Debtor has misrepresented facts in their petition and schedules by failing to disclose *sixteen* prior bankruptcy filings in their Statement of Related Cases. Exhibit A. A list of these cases is given as part of the discussion on factor two below. Debtor also appears to be unfairly manipulating the Bankruptcy Code by scheduling real property in Schedule A but not scheduling any creditors secured by those properties. Debtor then immediately commenced an adversary proceeding (8:25-ap-01251) apparently seeking to undo two pre-petition foreclosure sales regarding those properties along with various other causes of action, but not proposing a plan that provides for repayment of any debt secured by those properties. Rather, the Plan proposes to pay all but $75 of the plan payment back to Debtor via a trust in which they have an interest. Factor one goes to the Trustee.

Regarding factor two, Debtor has sixteen prior case filings. Per the docket at the entry dated July 15, 2025, of which the Trustee requests that the Court take judicial notice, Debtor has filed the following cases:

1. Case Number 95-42603, Chapter 7 filed in Texas Southern Consolidated Court on 04/07/1995;
2. Case Number 97-52047, Chapter 7 filed in Texas Southern Consolidated Court on 11/28/1997, Standard Discharge on 04/21/1998;
3. Case Number 00-30997, Chapter 11 filed in Texas Southern Consolidated Court on 01/31/2000;
4. Case Number 01-51255, Chapter 13 filed in Louisiana Western Bankruptcy Court on 06/04/2001;
5. Case Number 05-95338, Chapter 11 filed in Texas Southern Consolidated Court on 12/05/2005, Dismissed for Other Reason on 02/23/2006;
6. Case Number 10-33164, Chapter 7 filed in Texas Southern Consolidated Court on 04/15/2010, Standard Discharge on 07/15/2010;
7. Case Number 12-42329, Chapter 13 filed in California Central Bankruptcy on 09/24/2012, Dismissed for Other Reason on 12/21/2012;
8. Case Number 13-24619, Chapter 11 filed in California Central Bankruptcy on 06/03/2013, Dismissed for Other Reason on 08/01/2013;
9. Case Number 14-18173, Chapter 13 filed in California Central Bankruptcy on 04/29/2014, Dismissed for Failure to File Information on 05/27/2014;

5

10.    Case Number 15-19701, Chapter 13 filed in California Central Bankruptcy on 06/17/2015, Dismissed for Other Reason on 08/27/2015;

11.    Case Number 18-32473, Chapter 7 filed in Texas Southern Consolidated Court on 05/08/2018, Dismissed for Other Reason on 08/10/2018;

12.    Case Number 19-34204, Chapter 13 filed in Texas Southern Consolidated Court on 08/01/2019, Dismissed for Other Reason on 11/05/2019;

13.    Case Number 20-31676, Chapter 7 filed in Texas Southern Consolidated Court on 03/10/2020, Standard Discharge on 07/21/2020;

14.    Case Number 21-50550, Chapter 7 filed in Louisiana Western Bankruptcy Court on 09/03/2021, Dismissed for Failure to File Information on 01/31/2022;

15.    Case Number 22-50174, Chapter 13 filed in Louisiana Western Bankruptcy Court on 03/21/2022, Dismissed for failure to make plan payments on 06/13/2022; and

16.    Case Number 23-10011, Chapter 13 filed in California Central Bankruptcy on 01/03/2023, Dismissed for Other Reason on 03/24/2023.

There can be no doubt that factor two goes to the Trustee.

Regarding factor three, it appears that the purpose of this case was to thwart two foreclosure sales. While not litigation per se, the failure to schedule, notice, or provide for creditors secured by those properties (they were, after all, sold at foreclosure sales so some entity had security interests in them) followed promptly by the commencement of litigation tips this factor in favor of the Trustee.

Regarding the fourth factor, it is plain that there is egregious behavior present by Debtor. Questions of venue, the sheer number of prior cases, the incorrect and inconsistent statements under the penalty of perjury, and the actions of Debtor in this case thus far evidence a scheme to abuse the bankruptcy system. The name of Debtor's business says it all: Cancel A Mortgage. The Trustee suspects that Debtor's interests in the scheduled real properties were manufactured to obtain the benefit of the automatic stay and to provide a forum for Debtor's causes of action asserted in the adversary proceeding. Debtor's failure to appear to be examined at the § 341(a) meeting seals this factor in favor of the Trustee.

Accordingly, this case has been filed in bad faith and should be dismissed with a 180-day bar to refiling under 11 U.S.C. § 109(g).

10. The Trustee reserves the right to supplement this objection or raise additional grounds for objection at the confirmation hearing. The filing of this objection does not in any way limit the Trustee's duty to appear and be heard at hearings which concern confirmation of a plan. 11 U.S.C. § 1302(b)(2)(B).

Based on the foregoing, the Trustee requests that confirmation be denied and that the case be dismissed or converted, whichever is in the best interests of creditors.

Dated: August 14, 2025         /s/ Brian D. Wirsching
                               Staff Attorney for
                               Amrane Cohen, Chapter 13 Trustee

## DECLARATION

I, Brian D. Wirsching, am employed as a staff attorney for Amrane Cohen, Chapter 13 Trustee in this case ("Trustee"). The Trustee is the duly appointed chapter 13 trustee in the instant case. I have personally reviewed the files and records maintained by the Trustee in this case and the facts stated this objection are true and correct to the best of my knowledge. Attached as Exhibit A is a true and correct copy of the Statement of Related Cases filed in this case. I declare under the penalty of perjury that the foregoing is true and correct.

Dated: August 14, 2025         By: /s/ Brian D. Wirsching
                                   Attorney for Amrane Cohen, Chapter 13 Trustee

# EXHIBIT A

**FILED**

JUL 28 2025

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:_____ Deputy Clerk

# STATEMENT OF RELATED CASES
## INFORMATION REQUIRED BY LBR 1015-2
### UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

1. A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, his/her spouse, his or her current or former domestic partner, an affiliate of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control, as follows: (Set forth the complete number and title of each such of prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

2. (If petitioner is a partnership or joint venture) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, or a general partner in the debtor, a relative of the general partner, general partner of, or person in control of the debtor, partnership in which the debtor is a general partner, general partner of the debtor, or person in control of the debtor as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

3. (If petitioner is a corporation) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director of the debtor, an officer of the debtor, a person in control of the debtor, a partnership in which the debtor is general partner, a general partner of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms or corporations owning 20% or more of its voting stock as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

4. (If petitioner is an individual) A petition under the Bankruptcy Reform Act of 1978, including amendments thereof, has been filed by or against the debtor within the last 180 days: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at _Tustin_____, California

Date: _7/28/2025_____

_/s/ Alfred McZeal Jr._____
Signature of Debtor 1

_____
Signature of Debtor 2

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

770 The City Drive South, Suite 3700, Orange, CA 92868

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 08/14/2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Amrane Cohen   efile@ch13ac.com
United States Trustee (SA)   ustpregion16.sa.ecf@usdoj.gov
PRO PER

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 08/14/2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Alfred McZeal
13152 Laburnum Dr
Tustin, CA 92780

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Hon. MARK D HOULE

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 08/14/2025 | Aldo Amaya | /s/ Aldo Amaya |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*     **F 9013-3.1.PROOF.SERVICE**