Page 1 of 14

MICHAEL C. EARLE (SBN 155270)
M.C. EARLE
471 W. ORANGE SNOW ROAD
SAN BERNARDIN, CA 92400
[aetevict23@fastmail.com]

**FILED**

SEP 10 2025

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SANTA ANA DIVISION

§  Case No. _____

§
§  # NOTICE OF REMOVAL
§  (Title 28.U.S.C.. §1441 et seq)

**Paige Kilburn**
**Plaintiff**

§  ☑ **FEDERAL QUESTION**
§  ☑ **DIVERSITY JURISDICTION**
§  ☑ **BANKRUPTCY JURISDICTION**

vs.

§  **REMOVED FROM:**

**Del Patterson, Dottie Patterson,**

§  Case No: **30-2023-01360427-CL-UD-CJC**
§
§  Court: **Superior Court of California, Central Justice Division, Orange County**

**Defendant(s)**

§

## I. INTRODUCTION:

TO: *THE HONORABLE JUDGES OF THE* **UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA SANTA ANA DIVISION**

Petitioner(s) **Alfred McZeal, Jr.** is the defendant(s) in the above-entitled action,

originating in **Superior Court of California, Central Justice Division, Orange County** .

1. Petitioner(s) desire to exercise **His** rights under the provisions of *Title 28 U.S.C. §1446, et*

seq., to remove this action from the above mentioned State or Superior court, in which said

action is now pending under the above-captioned title.

2. This is an action in which the District Courts of the United States have been given original

jurisdiction upon each of the following bases:

☑ **FEDERAL QUESTION**

☑ **DIVERSITY JURISDICTION**

☑ **BANKRUPTCY JURISDICTION**

*NOTICE OF REMOVAL OF Alfred McZeal, Jr.*

# TABLE OF CONTENTS

I.  Introduction ................................................................1

   A. Preliminary Statement Regarding Jurisdiction........................2
   B. Statement Regarding Status of Service of the Complaint............3
   C. Statement of Related Cases .......................................4
   D. Timeliness of Removal...............................................5

II.  Nature of the Claim ......................................................6

   A.  Nature of the Claim According To Plaintiff........................7

   B.  Nature of the Claim According To Evidence........................8

   C.  Applicable Law .....................................................9

III. Federal Question Jurisdiction..........................................10

   A. Statement of Federal Questions ..................................11

   B. Constitutional Issues ............................................12

   C. Civil Right Issues (42 USC 1983) ...............................13

IV.  Diversity Jurisdiction...................................................14

   A.  Statement of Diversity Jurisdiction............................15

   B.  State of the Plaintiff    _____ California ..........15

   C.  State of the Defendants _____ Texas _____ ...........15

   D.  Applicable Law on Diversity .....................................16

V.   Statement Regarding Federal Bankruptcy Jurisdiction..................17

VI.  Amount In Controversy .................................................17

   A. The Amount In Controversy is in Excess of $75,000.00 .........18

   B. Elements Comprising the Amount In Controversy.................19

   C. Applicable Law  - (Amount In Controversy).....................20

VII.  Reservation of Right to Amend And Right To Appeal.................21

VIII. Request For Judicial Notice..........................................22

IX.  List of Items Removed..............................................Attached

IX.  Proof Of Service......................................................Attached

## A. PRELIMINARY STATEMENT ON JURISDICTION

## STATEMENT REGARDING PARALLEL FEDERAL LITIGATION

In addition to the adversary proceedings pending in both the Middle District of Pennsylvania (Adversary No. 5:25-ap-00017-MJC) and this Court (Adversary No. 8:25-ap-01251-MH), there is also an appeal presently pending in the United States District Court for the Middle District of Pennsylvania, styled Alfred McZeal, Jr. v. Paige Kilburn, et al., Case No. 3:25-cv-00818-MEM.

That appeal arises from orders entered in Bankruptcy Case No. 5:24-bk-00457-MJC and directly involves the same property rights and automatic stay issues implicated here.

The existence of this federal appeal further confirms that the disputes at issue are already within the jurisdiction of multiple federal courts.

Removal of the California unlawful detainer action is therefore necessary to avoid conflicting judgments, to consolidate overlapping federal matters, and to ensure uniform enforcement of the Bankruptcy Code and Debtor's constitutional rights.

## B. STATEMENT REGARDING STATUS AND SERVICE OF COMPLAINT

### SERVICE OF THE COMPLAINT HAS NOT BEEN PERFECTED ON ANY PARTY

Plaintiff Paige Kilburn filed the underlying unlawful detainer complaint in the Superior Court of California, County of Orange, styled Paige Kilburn v. Del Patterson, Dottie Patterson (deceased), and others, Case No. 30-2023-01360427-CL-UD-CJC.

No valid service of the complaint was ever effected upon any party. Neither Del Patterson, nor the deceased Dottie Patterson, nor Alfred McZeal, Jr. was ever served in accordance with California law. As a result, the state court never acquired personal jurisdiction over the named defendants.

Debtor/Defendant Alfred McZeal, Jr., the sole lawful occupant and actual property owner, subsequently appeared in the action and requested leave to intervene.

The state court granted intervention, thereby making Alfred McZeal, Jr. a party of record, despite Plaintiff's failure to amend the complaint to reflect his ownership and occupancy.

Because no proper service was ever accomplished, and because the only party with a legitimate interest in the property was joined by intervention, the state court proceedings are defective and constitutionally infirm.

These defects further underscore the necessity of removal to this Court, where due process and bankruptcy protections may be fully enforced.

## C. STATEMENT FOR RELATED CASES

Presently there are several cases related to the current case which is being removed to this court.

These related cases demonstrate the true aspect and nature of this dispute between the parties involved in this case.

In particular there are ____4____ cases related to this case and these cases are as follows:

## RELATED CASES:

| CASE NUMBER | COURT | DATE FILED | REFERENCE | NATURE OF CASE | STATUS |
|---|---|---|---|---|---|
| 30-2023-01360427-CL-UD-CJC | SUPERIOR COURT OF CALIFORNIA, ORANGE COUNTY | 10/31/2023 | PAIGE KILBURN VS. DEL PATTERSON, DOTTIE PATTERSON, ALFRED MCZEAL, JR. | EVICTION CASE | PENDING |
| 5:25-ap-00017-MJC. | UNITED STATES BANKRUPTCY COURT, MIDDLE DISTRIT OF PENNSYLVANIA | July 28, 2025 | PAIGE KILBURN VS. GEDDES GIBBS AND ALFRED MCZEAL, JR. | QUIET TITLE: REOVER OF POSSESSION OF PROPETY LOCATED AT: 13152 LABURNUM | PEDING |
| 8:25-ap-01251-MH | UNITED STATES BANKRUTPCY COURT, CENTRAL DISTRICT OF CALIFORNIA | 7/29/2025 | ALFRED MCZEAL JR. VS. PAIGE KILBURN | FRAUD, RACKETERING, QUIET TITLE 13152 LABURNUM DR. TUSTIN, CA. | PENDING |
| 3:25-cv-00818-MEM | UNITED STATES DISTRICT COURT, MIDDLE DISTRICT OF PENNSYLVANIA | May 15, 2025 | ALFRED MCZEAL,JR. VS. PAIGE KILBURN, ET AL | APPEAL OF JUDGMENT GRANTING LIFTING OF AUTOMATIC STAY | PENDING |

All of the above cases have been attached as exhibits herein, are related to the issues in this current proceeding and sets forth the basis of the Actual Subject Matter related to these cases.

An appropriate motion for consolidation, dismissal, or other appropriate motion is planned by the defendant(s)  in order to effectively dispose of this Unlawful Detainer case and avoid the waste of unnecessary judicial resources.

## D.  STATEMENT REGARDING STATUS OF ANY AMENDED PLEADINGS

☑ ORIGINAL COMPLAINT *NOT* AMENDED          ☐ ORIGINAL COMPLAINT HAS BEEN AMENDED

## NO AMENDMENT WERE EVER FILED IN THE CASE TO REFLECT THE TRUE PARTIES

Plaintiff has never filed any amended pleading in the state court action, Case No. 30-2023-01360427-CL-UD-CJC.

Despite Alfred McZeal, Jr.'s intervention as the true property owner and sole occupant, Plaintiff did not amend the complaint to name him as a defendant of record. The operative pleading therefore remains the original unlawful detainer complaint naming Del Patterson, a non-resident with no possessory interest, and Dottie Patterson, who was deceased at the time of filing.

The failure to amend the pleadings to reflect the proper party defendant constitutes a continuing violation of due process and underscores the defective nature of the state court proceedings.

This omission further supports removal of the action to this Court for proper adjudication under federal law and the Bankruptcy Code.

**E. STATEMENT REGARDING: TIMELINESS & PERFECTION OF REMOVAL**

**THE REMOVAL IS TIMELY UNDER 28 USC 1446 AND 1452**

This removal is timely under 28 U.S.C. §§ 1446(b) and 1452, and Federal Rule of Bankruptcy Procedure 9027. The underlying unlawful detainer action, Paige Kilburn v. Del Patterson, Dottie Patterson (deceased), et al., Case No. 30-2023-01360427-CL-UD-CJC, remains pending in the Superior Court of California, County of Orange. No final judgment has been entered, and the matter is still at the pleading and trial-setting stage.

Because no valid service was ever effected upon Debtor/Defendant Alfred McZeal, Jr., the thirty-day removal period under 28 U.S.C. § 1446(b) has not begun to run.

In addition, Debtor's intervention and removal are made promptly upon recognizing the constitutional defects in the state court proceeding and the need to protect the property of the bankruptcy estate.

This removal is further perfected in accordance with 28 U.S.C. § 1446(d) and Bankruptcy Rule 9027 by the filing of:

(a) this Notice of Removal in the United States Bankruptcy Court for the Central District of California, Santa Ana Division,

(b) service of this Notice on all adverse parties, and

(c) the filing of a Notice of Filing of Removal with the Clerk of the Superior Court of California, County of Orange.

Accordingly, removal has been timely and properly perfected.

## II. NATURE OF THE CLAIM

## CLAIM RELATED TO RIGHTS TO REAL PROPERTY EVIDENCED BY PLAINTIFF'S PENDING FEDERAL ADVERSARY PROCEEING NOW PENDING IN Middle District of Pennsylvania (Adversary No. 5:25-ap-00017-MJC)

### A. NATURE OF THE CLAIM (FACE OF THE COMPLAINT)

The underlying state court action is styled Paige Kilburn v. Del Patterson, Dottie Patterson (deceased), et al., Case No. 30-2023-01360427-CL-UD-CJC, filed in the Superior Court of California, County of Orange, as an unlawful detainer proceeding.

Although pled as an eviction action, the case in fact concerns ownership, possession, and rights to real property that is part of the Debtor's bankruptcy estate.

The complaint was improperly filed against parties who either had no interest in the property (Del Patterson), or were deceased at the time of filing (Dottie Patterson).

Debtor/Defendant Alfred McZeal, Jr., the sole lawful occupant and property owner, was not named but later intervened to protect his rights. The claims asserted therefore extend beyond landlord-tenant issues and directly implicate title, due process, federal bankruptcy jurisdiction, and constitutional protections.

### B. NATURE OF THE CLAIM ACCORDING TO ACTUAL **EVIDENCE:**

The state action, Paige Kilburn v. Del Patterson, Dottie Patterson (deceased), et al., Case No. 30-2023-01360427-CL-UD-CJC, was filed as an unlawful detainer in Orange County Superior Court. The evidence shows it is not a valid eviction case: the complaint named a non-resident and a deceased person, no defendant was ever served, and Debtor/Defendant Alfred McZeal, Jr.—the actual owner and sole occupant—was forced to intervene to protect his rights.

In addition, Plaintiff Kilburn is already pursuing related claims in a federal adversary proceeding in the Middle District of Pennsylvania (Adversary No. 5:25-ap-00017-MJC), demonstrating this is part of a broader multi-jurisdictional property dispute, not a summary eviction. Plaintiff further violated the automatic stay by continuing to prosecute the case and setting a trial after Debtor's bankruptcy was filed. These defects confirm that removal to this Court is necessary and proper.

## II. RIGHT TO REMOVAL

### DEBTOR HAS THE CLEAR RIGHT TO REMOVE THE CASE
### AS EVIDENCED BY Middle District of Pennsylvania
### (Adversary No. 5:25-ap-00017-MJC)

#### C. APPLICABLE LAW

### THE FACTS OF THIS CASE REQUIRES REMOVAL TO FEDERAL JURISDICTION
### WHERE THE CASE IS ALREADY PENDING

By virtue of the operation of 28 U.S.C. §1441 and §1331, "If the basic right asserted by plaintiff is one based on federal law, then the case is properly [removable], whether or not the complaint expressly states that the right sought to be enforced is a federal one. It is the real nature of the claim and not the characterization given it by plaintiff which must govern," e.g., Produce Terminal Realty Corp. v. New York N.H. & H.R. Co., 116 F. Supp. 451, 453 (D. Mass. 1953) (quoted in A Moore's Federal Practice, ¶ .160[3.3], at p. 233 (1995)). See also Maine Association of Independent Neighborhoods v. Commissioner, Maine Department of Human Services, 876 F.2d 1051, 1052-53 (1st Cir. 1989).

Since the plaintiff in this action seeks to recover from defendant property pursuant to property protected under Federal law and/or the Constitution of the United States then such a claim necessarily is "based in federal law," this action is properly removable to this Court irrespective of the manner in which plaintiff seeks to characterize the claims in its complaint.

**Removal is further proper under 28 U.S.C. § 1452 and Fed. R. Bankr. P. 9027 because this action directly concerns property of the Debtor's bankruptcy estate and is related to Debtor's pending Chapter 13 case, In re Alfred McZeal, Jr., Case No. 8:25-bk-11919-MH. In addition, removal is independently proper under 28 U.S.C. §§ 1332 and 1441 because there is complete diversity of citizenship—Plaintiff is a California resident, while Debtor is a Texas resident—and the amount in controversy exceeds $75,000.**

## III. FEDERAL QUESTION JURISDICTION:

**Plaintiff's related adversary proceeding in the U.S. Bankruptcy Court for the Middle District of Pennsylvania (Adversary No. 5:25-ap-00017-MJC) demonstrates that the claims at issue form part of a broader federal property dispute already within federal jurisdiction.**

### A. STATEMENT REGARDING FEDERAL QUESTIONS

This action raises substantial federal questions that cannot be resolved in state court. First, Plaintiff's continued prosecution of the unlawful detainer, including setting a trial after the filing of Debtor's Chapter 13 case, constitutes a violation of the automatic stay under 11 U.S.C. § 362, an issue arising exclusively under federal bankruptcy law.

Second, the state court proceedings deprived Debtor of due process in violation of the Fourteenth Amendment by failing to name or serve the true property owner and proceeding instead against a non-resident and a deceased individual.

Third, Plaintiff's related adversary proceeding in the U.S. Bankruptcy Court for the Middle District of Pennsylvania (Adversary No. 5:25-ap-00017-MJC) demonstrates that the claims at issue form part of a broader federal property dispute already within federal jurisdiction.

Accordingly, federal questions are directly presented, and removal is proper under 28 U.S.C. §§ 1331 and 1452 in addition to diversity jurisdiction and bankruptcy jurisdiction.

### III. FEDERAL QUESTION JURISDICTION:

### HAVING PENDING FEDERAL LAWSUITS AND STATE LAWSUIT AGAINST THE DEBTOR RAISES SERIOUS CONSTITUTIONAL ISSUES THAT MUST BE ADDRESSED IN FEDERAL COURT

### B.  CONSTITUTIONAL ISSUES

This action implicates serious constitutional concerns. The state court complaint failed to name or serve Debtor/Defendant Alfred McZeal, Jr., the sole lawful occupant and property owner, instead proceeding against a non-resident and a deceased individual.

By allowing the case to move forward without proper notice or opportunity to be heard, the state court deprived Debtor of his fundamental rights to due process under the Fourteenth Amendment.

Further, Plaintiff's continuation of the eviction case after the commencement of Debtor's bankruptcy constitutes not only a violation of the automatic stay under 11 U.S.C. § 362, but also a deprivation of Debtor's constitutional right to the protections afforded by the Bankruptcy Clause of the United States Constitution, Article I, Section 8, Clause 4.

These constitutional violations reinforce the necessity of removal to federal court, where such rights can be protected and enforced.

### III. FEDERAL QUESTION JURISDICTION:

### THERE ARE MULTIPLE QUESTIONS OF VIOLATION OF CIVIL RIGHTS ISSUES

### B.  STATEMENT REGARDING CIVIL RIGHTS ISSUES

This case also presents substantial civil rights concerns within the meaning of 28 U.S.C. § 1443. Plaintiff pursued an eviction action that excluded Debtor/Defendant Alfred McZeal, Jr.—the true property owner and sole occupant—while naming as defendants a non-resident and a deceased person.

By proceeding in this manner, Plaintiff and the state court denied Debtor the equal protection of the laws and his right to due process guaranteed by the Fourteenth Amendment.

Moreover, by continuing to prosecute the eviction case after the filing of Debtor's Chapter 13 bankruptcy, Plaintiff interfered with Debtor's federally protected rights under the Bankruptcy Code.

The automatic stay is designed to protect all debtors equally, without discrimination or exception, and Plaintiff's actions unlawfully deprived Debtor of that protection. These violations demonstrate that Debtor's civil rights cannot be enforced in state court and warrant removal to this Court for adjudication under federal law.

## IV. DIVERSITY JURISDICTION:

### Removal is also proper under 28 U.S.C. §§ 1332 and 1441

### A. STATEMENT REGARDING DIVERSITY JURISDICTION:

Removal is also proper under 28 U.S.C. §§ 1332 and 1441 because this action satisfies the requirements for diversity jurisdiction.

Plaintiff Paige Kilburn is a resident and domiciliary of California. Debtor/Defendant Alfred McZeal, Jr. is a resident and domiciliary of Texas. There is complete diversity of citizenship between the parties.

The amount in controversy exceeds $75,000, as the value of the subject real property, together with damages and related claims, far surpasses the jurisdictional threshold. Accordingly, this Court has original jurisdiction based on diversity, providing an additional and independent ground for removal.

## IV. DIVERSITY JURISDICTION:
## D. APPLICABLE LAW REGARDING DIVERSITY JURISDICTION

Ninth Circuit Authority on Diversity & Amount in Controversy

Traditional diversity jurisdiction requires:

1. Complete diversity of citizenship between plaintiff(s) and defendant(s), and

2. An amount in controversy exceeding $75,000.

The burden to establish this is on the removing party, by a preponderance of the evidence.

Ninth Circuit Court of Appeals

9th Cir. Cases on Jurisdictional Amount

Canela v. Costco (Ehrman v. Cox Commc'ns) – Ninth Circuit reaffirmed:

The moving party must prove more likely than not that the amount in controversy exceeds $75,000.Eg, in Urbino v. Orkin, aggregated claims couldn't meet the threshold if the named plaintiff's own share was below $75,000.

The amount in controversy in this case exceeds $1.5 Million, which is the value of the real property in dispute as shown on the following page.

## V. AMOUNT IN CONTROVERSY

### THE AMOUNT IN CONTROVERSY ACTUALLY EXCEEDS $1.5 MILLION

### A.  THE AMOUNT IN CONTROVERSY IS IN EXCESS OF $75,000

The amount in controversy requirement of 28 U.S.C. § 1332 is satisfied in this case. Although styled as an unlawful detainer, the action directly concerns ownership and possession of real property that is part of the Debtor's bankruptcy estate.

The subject property, located at 13152 Laburnum Drive, Tustin, California, has a fair market value in excess of $1,500,000.

Because the right to occupy and retain possession of this property is the central issue in dispute, the amount in controversy far exceeds the jurisdictional threshold of $75,000 required for diversity jurisdiction.

The Ninth Circuit has consistently held that the amount in controversy is determined by the value of the object of the litigation. Here, the object of the litigation is a $1.5 million property, confirming that federal jurisdiction based on diversity is proper.

---

*NOTICE OF REMOVAL OF Alfred McZeal, Jr.*

**STATEMENT REGARDING DIVERSITY
JURISDICTION**

# VI. RESERVATION FOR RIGHT TO AMEND

## DEBTOR RESERVES THE RIGHT TO AMEND THIS NOTICE OF REMOVAL

**Alfred McZeal, Jr.**        reserves the right to amend this Notice of Removal to include any additional grounds for removal that may become apparent or necessary based on further developments in this case or additional information obtained.

This reservation includes, but is not limited to, the inclusion of any supplemental jurisdictional grounds, further elaboration on existing grounds, or the correction of any procedural or substantive issues that may arise.

This reservation ensures that Alfred McZeal, Jr. retains the ability to fully protect his rights and interests in this proceeding by addressing any additional matters that may impact the removal and adjudication of this case in the federal court system.

**7**. Pursuant to the Local Rules of this court, defendant has, or will file within the time delays, file an index of matter, and all other pertinent matter required by the local rules.

***WHEREFORE***, petitioner(s),_____Alfred McZeal, Jr._____ hereby remove the action now pending against    Him   in the   Superior Court of California, Central Justice Division, Orange County

Docket No: __30-2023-01360427-CL-UD-CJC__  to this Court.

Respectfully Submitted,

_____
Alfred McZeal, Jr.
131521 Laburnum Dr.
Tustin, Ca. 92780
Phone: 832-623-4418

Dated: ___**September 10, 2025**___

## CERTIFICATE OF SERVICE:

I hereby certify that on _9/10/2025_ a copy of the foregoing ***NOTICE OF REMOVA***L was been served upon all counsel of records via, U.S. first class mail, postage prepaid, by depositing the same with the United States Postal Service on the date and manner indicated above.

Michael Eagless, ESQ
(See Attach)
_____
Alfred McZeal, Jr.

*NOTICE OF REMOVAL OF Alfred McZeal, Jr.*        **RESERVATION OF RIGHT TO AMEND**

## VII. LIST OF ITEMS REMOVED

## INDEX OF ITEMS - REMOVED

***RECORD IN STATE COURT***:

The following pleadings, is a copy of the state court complaint filed in the state court action by plaintiff.

| Exhibit #: | Description of Pleading: |
|---|---|
| A | Copy of the State Court Complaint Paige Kilburn v. Del Patterson, Dottie Patterson (deceased), et al. Case No. 30-2023-01360427-CL-UD-CJC (Orange County Superior Court) |

## PROOF OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument entitled:

**NOTICE OF REMOVAL**

has been forwarded on ___9/10/25___ to all counsel of record, and parties, by depositing a true and correct copy of the same on the date and manner indicated below, to wit:

| | |
|---|---|
| MICHAEL C. EARLE (SBN 188290)<br>M.C. EARLE<br>474 W. ORANGE SHOW ROAD<br>SAN BERNARDIN, CA 92408<br>fastevict23@fastevict.com | ☑ By United States Mail<br>☐ By Legal Messenger<br>☐ By Electronic CM/ECF<br>☐ By Overnight Express Mail<br>☐ By Facsimile<br>☑ By Email |
| | ☐ By United States Mail<br>☐ By Legal Messenger<br>☐ By Electronic CM/ECF<br>☐ By Overnight Express Mail<br>☐ By Facsimile<br>☐ By Email |
| | ☐ By United States Mail<br>☐ By Legal Messenger<br>☐ By Electronic CM/ECF<br>☐ By Overnight Express Mail<br>☐ By Facsimile<br>☐ By Email |
| | ☐ By United States Mail<br>☐ By Legal Messenger<br>☐ By Electronic CM/ECF<br>☐ By Overnight Express Mail<br>☐ By Facsimile<br>☐ By Email |
| | ☐ By United States Mail<br>☐ By Legal Messenger<br>☐ By Electronic CM/ECF<br>☐ By Overnight Express Mail<br>☐ By Facsimile<br>☐ By Email |

Dated:
September 10, 2025

**CERTIFICATE OF SERVICE**

## PROOF OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument entitled:

### NOTICE OF REMOVAL

has been forwarded on ___9/10/25___ to all counsel of record, and parties, by depositing a true and correct copy of the same on the date and manner indicated below, to wit:

| | |
|---|---|
| MICHAEL C. EARLE (SBN 188290)<br>M.C. EARLE<br>474 W. ORANGE SHOW ROAD<br>SAN BERNARDIN, CA 92408<br>fastevict23@fastevict.com | ☐ By United States Mail<br>☐ By Legal Messenger<br>☐ By Electronic CM/ECF<br>☐ By Overnight Express Mail<br>☐ By Facsimile _____<br>☐ By Email |
| | ☐ By United States Mail<br>☐ By Legal Messenger<br>☐ By Electronic CM/ECF<br>☐ By Overnight Express Mail<br>☐ By Facsimile _____<br>☐ By Email |
| | ☐ By United States Mail<br>☐ By Legal Messenger<br>☐ By Electronic CM/ECF<br>☐ By Overnight Express Mail<br>☐ By Facsimile<br>☐ By Email |
| | ☐ By United States Mail<br>☐ By Legal Messenger<br>☐ By Electronic CM/ECF<br>☐ By Overnight Express Mail<br>☐ By Facsimile<br>☐ By Email |
| MICHAEL C. EARLE (SBN 188290)<br>M.C. EARLE<br>474 W. ORANGE SHOW ROAD<br>SAN BERNARDIN, CA 92408<br>fastevict23@fastevict.com | ☐ By United States Mail<br>☐ By Legal Messenger<br>☐ By Electronic CM/ECF<br>☐ By Overnight Express Mail<br>☐ By Facsimile<br>☐ By Email |

Bob Patterson, Debbie Patterson, Alfred McZeal, Jr.

Dated:
September 10, 2025

1  MICHAEL C. EARLE (SBN 100280)
   ~~ATTORNEY~~
   474 W. ORANGE SHOW ROAD
2  SAN BERNARDINO, CA 92408
   ~~XXXXXX~~@XXXXXX.com

PAGE 1 OF 2

3
## UNITED STATES BANKRUPTCY COURT
4
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION
5

6                                    § Case No._____
                                     §
7  Paige Kilburn                     §
                                     §
8          VS                        §        **REQUEST FOR**
                                     §        **JUDICIAL NOTICE**
9                                    § PURSUANT TO : Rule 201 Fed. R. Evidence
                                     §
10 Del Patterson, Dottie Patterson, Alfred §
   McZeal, Jr.                       §  DATE: *TBS*
11                                   §  TIME: *TBS*
                                     §  PLACE:
12                                   §        _____

13 **In support of the:**

14                    **NOTICE OF REMOVAL**

15 under _____Rule 201 Fed. R. Evidence_____

16 *request that the court take judicial notice of the following Decisions, documents, papers,*

17 *and records of higher courts [                                              ]*

18 *pursuant to Rule*        ***Rule 201 Fed. R. Evidence***

19        *Under the rule, facts appropriate for judicial notice are those "not subject to*

20 *reasonable dispute (1) generally known within the territorial jurisdiction of the trial court*

21 *or (2) capable of accurate, and ready determination to sources to accuracy which cannot*

22 *reasonably be questioned. "Federal Rules of Evidence 201(b).  The Court may take*

23 *judicial notice of public records, its own records and records of other court cases.*

24 **DECISIONS, FACTS, DOCUMENTS, PAPERS & RECORDS OF HIGHER COURTS**

25     **Exhibit #**          **Description of Exhibit For Judicial Notice**
   A   Copy of the State Court Complaint Paige Kilburn v. Del Patterson, Dottie Patterson
26     (deceased), et al.Case No. 30-2023-01360427-CL-UD-CJC (Orange County Superior Court)

27 B.  **Pennsylvania Adversary** -Paige Kilburn v. McZeal, et al., Adversary No. 5:25-ap-00017-MJC (Bankr.
       M.D. Pa.).Confirms Kilburn has already invoked federal jurisdiction elsewhere on the same property
       issues

28 C.  **California Adversary Proceeding** Document McZeal v. Kilburn, et al., Adversary No. 8:25-ap-01251-MH
       (Bankr. C.D. Cal.).Shows related litigation already pending in Santa Ana bankruptcy court. (Adversary
       proceeding in the record of this case)

                                        **REQUEST FOR JUDICIAL NOTICE**

**DECISIONS, FACTS, PUBLIC DOCUMENTS, PAPERS & RECORDS OF HIGHER COURTS**

*Exhibit #*                              *Description of Exhibit For Judicial Notice*

**DECLARATION OF ALFRED MCZEAL, JR. in support of Notice of Removal**

**Pennsylvania: Appeal Pending in McZeal Vs. Kilburn; Case No: 3:25-cv-00818-MEM**